OPINION OF THE COURT
Lawrence E. Kahn, J.
This is a motion for an order placing this action on the calendar as a preferred cause so that the same may be tried as soon as practicable at the 1981 Term of the Supreme Court, Albany County. The basis for the relief requested is predicated upon CPLR 3403 (subd [a], par 4) which provides for the granting of a trial preference upon the application of a party who has reached the age of 70 years. It is not contested that the plaintiff, Stanley Bobowski attained said age on November 5, 1980.
The plaintiff, Rose Bobowski, allegedly suffered extensive and severe injuries as a result of a motor vehicle accident. The plaintiff, Stanley Bobowski, as spouse of Rose, seeks damages as the result of loss of consortium of his wife by the reason of her injuries. Rose Bobowski is 67 years of age, and not entitled, in her own right, to a statutory preference. At issue is whether Stanley Bobowski’s attaining the age of 70 entitles this action to a statutory preference.
In resolving this issue, the court must determine whether Stanley Bobowski is a real party in interest. (Campbell v Kelly, 42 AD2d 601.) In Campbell (supra) one of the parties thereto had reached the statutory age set for *1062 a preference. The court held that “Inasmuch as she is the real party in interest, the purpose, spirit and intent of CPLR 3403 (subd. [a], par. 4) dictate that a trial preference should have been granted.” Defendants argue that the real party in interest in the case at bar is the party with the underlying personal injury claim and not the party with a derivative claim. This court does not agree.
While it is argued that Stanley Bobowski’s claim is derivative from that of his spouse who is maintaining the personal injury claim, the fact that she is ineligible for a trial preference by virtue of age is not germane for purposes of determining whether a coplaintiff who is a real party in interest is so entitled. The fact that Stanley Bobowski’s claim is derivative does not prevent him from being a real party in interest. He possesses a recognizable maintainable cause of action and as such is entitled to the benefits of CPLR 3403. To hold otherwise would be to impose an additional prerequisite not enacted by the Legislature. The intent of said statute is to give an elderly party to a lawsuit quicker access to the courts in order that he or she may have an opportunity to be heard, and to receive relief while still fit and able. Accordingly, the motion for a trial preference shall be granted, without costs.