■ MILTON POINT REALTY CO., INC., et al., Appellants, v STEVEN F. HAAS et al., Respondents. — In an action to foreclose a mortgage, plaintiffs appeal from an order of the Supreme Court, Westchester County (Daronco, J.), dated March 30, 1982, which granted defendants' motion to strike plaintiffs' note of issue and statement of readiness and denied plaintiffs' cross motion, *inter alia,* for a trial preference. Appeal from so much of the order as granted defendants' motion dismissed. The action has been restored to the Tort Calendar by a subsequent order of Special Term. Order otherwise modified by adding thereto, after the provision denying the cross motion, the following: "except that the branch thereof which seeks a trial preference is granted." As so modified, order otherwise affirmed. Plaintiffs are awarded $50 costs and disbursements. Shortly after the plaintiff corporation received a $240,000 purchase-money mortgage from the defendants, it assigned $8,000 of the mortgage to its attorney, plaintiff Winokur, as payment of part of his legal fees. In this action to foreclose the mortgage, plaintiffs cross-moved, *inter alia,* for a trial preference pursuant to CPLR 3403 (subd [a], par 4), since Winokur has reached the age of 70. Special Term denied that relief on the ground that Winokur is not the real party in interest within the meaning of that statute. We disagree. A party who has reached 70 years of age is automatically entitled to a preference under CPLR 3403 (subd [a], par 4) (see NY Legis Ann, 1970, pp 14-15; Siegel, 1970 Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 7B, 1981-1982 Supp Pamph, CPLR 3403, p 20; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3403.18). Notwithstanding the fact that Winokur's interest in the mortgage is only a small portion of the total amount, plaintiffs are entitled to a preference based on his age, since he possesses a recognizable cause of action (see *Bobowski v Toomey,* 108 Misc 2d 1061). This conclusion is consistent with the intent of CPLR 3403 to afford an elderly party swifter access to the courts so that he may obtain some measure of financial comfort during his remaining years (Siegel, 1970 Supplementary Practice Commentary, *op. cit.*). Also, defendant's motion to strike was untimely since it was not brought within 10 days after service of the note of issue (see 22 NYCRR 674.5). We agree with defendants that the case should be placed on the general Tort

Calendar, rather than the Equity Calendar, due to the interposition of a related counterclaim seeking damages for fraud (see Rules of Supreme Ct, Westchester County, 22 NYCRR 780.2 [g]). Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.